Argued January 21, reversed and remanded March 11, 1974

HUCKABY, *Appellant, v.* NEWELL ET AL,
*Respondents.*
519 P2d 1290

*Charles N. Hilke,* Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the briefs for appellant.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

TANZER, J.

This is an appeal from the dismissal of a petition for a writ of habeas corpus. The basis for the petition is petitioner's contention that the revocation of his parole did not meet the constitutional standards of *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972), because he was not afforded an on-site hearing shortly after he was arrested in California for violation of parole. As a result, he asserts, he was denied the benefits that would have flowed therefrom: (1) prior written notice of the claimed violations, (2) disclosure of evidence to be used against him at the formal revocation hearing, and (3) confrontation and cross-examination of persons furnishing adverse information. He further asserts that the Oregon State Board of Parole and Probation (hereinafter Board) was not a "neutral and detached hearing body," and that the evidence heard by the Board was not "substantial, reliable or probative."

The trial court heard the testimony of the petitioner and others and considered the transcript and exhibits from the Board hearing. It then made the following findings of fact:

"1. Petitioner was paroled by the Oregon Board of Parole and Probation to the supervision of the State of California.

"2. Petitioner received permission to go to the State of Nevada for approximately one week, the time to expire and petitioner to return by May 9, 1972.

"3. Petitioner did not return to California until some time in July when he made one unsuccessful attempt to contact his parole officer and then re-enlisted in the service and was processed for overseas transport when arrested.

"4. Based on routine reports of failure to re-

port and submit to supervision filed by the California parole officer, the Oregon Board of Parole and Probation entered an order of revocation on June 30, 1972.

"5. Petitioner was not afforded a hearing in California prior to his arrest and return to Oregon August 17, 1972.

"6. The revocation order in this case was issued the day after the Morrisey v. Brewer [sic] decision was handed down and was made without knowledge of that decision.

"7. The procedure employed by the Oregon Board of Parole and Probation in revoking petitioner's parole was consistent with the then established procedures.

"8. Petitioner appeared before the Oregon Board of Parole and Probation with an attorney on September 26, 1972, and at his request, the case was continued until October 12, 1972, for hearing.

"9. Petitioner was aggressively represented by counsel and was given an opportunity to develop evidence bearing upon the question of violation of the terms of parole and mitigation of the effect of any violation.

"10. The presentation and argument of petitioner at his revocation hearing was related primarily to explaining and mitigating the violation rather than denying the same. Petitioner attempted to justify his failure to report by contending that he reported to and submitted to supervision in Nevada though this was never approved by the supervising authorities.

"11. Petitioner was apparently attempting to lose himself in the military service and leave the country at the time he was arrested.

"12. The Oregon Board of Parole and Probation did receive some reports from out-of-state officials which were received and relied upon at petitioner's parole revocation hearing and petitioner was not given a traditional opportunity to cross-examine.

The reports were submitted in the ordinary course of business and contained nothing relied upon which petitioner was not well aware of in advance.

"13. Petitioner's parole revocation hearing was more than fair."

■ The transcript of the circuit court proceedings was not designated as part of the record on appeal. In the absence of a transcript or an agreed narrative, we cannot hold that the trial court erred in making its findings. *Cf. Blehm v. Ringering,* 260 Or 46, 50, 488 P2d 798 (1971). We therefore accept those findings.

The basic purposes of the parole revocation procedure are (1) the fact-finding function by which it is determined whether the parolee violated one or more conditions of his parole and, if it is found that he has, then (2) the dispositional function by which the parolee is either returned to prison or continued on parole, perhaps with new conditions. *Morrissey v. Brewer,* 408 US at 479-480.

*Morrissey v. Brewer,* supra, establishes the right of a parolee to an on-site hearing by which a person other than the parole officer who recommends revocation can decide whether there is probable cause to revoke. The parolee is assured the protection of a lesser version of procedural due process rights than he would have at a trial.

■ Where, as here, a parolee has been denied his right to such a hearing, he must be granted relief if he suffered prejudice as a result of that denial. In this case we cannot determine whether there was prejudice. The finding by the trial court that "[t]he presentation and argument of petitioner at his revocation hearing was related primarily to explaining and

mitigating the violation rather than denying the same" is susceptible of two meanings. It could mean that the petitioner admitted a culpable failure to return to California, but gave reasons to mitigate disposition, or it could mean that he admitted the non-return but offered evidence of justification which would negate his culpability.

■ If the first interpretation is correct, that petitioner admitted culpability, then the facts found by the Board were correct. The grant by *Morrissey* of modified rights of notice and confrontation are not merely formal and abstract. They are to assure that the parolee's side is taken into account in the ultimate factual determination by the Board. If he admits the facts of the violation, then the Board is not required to send him back to California in hopes that officials there will submit to a ritual of cross-examination. The petitioner was accorded the substantive benefits which the *Morrissey* procedures are designed to assure. If the facts of the violation are admitted, then the trial court would have properly declined to set aside the Board's action.

■ If, on the other hand, the petitioner offered legal justification for his failure to return, then we cannot say that the fact-finding element of the parole procedure was free from error under *Morrissey* as that case purports to establish rights to confrontation.

■ Therefore, we remand this case to the circuit court with instructions to enter a new finding in clarification of its former finding No. 10. If the court finds that petitioner's testimony demonstrated an unjustified violation of the terms of parole, then the lack of an on-site hearing cannot be considered to be to his prejudice in light of the later full revocation hearing and

the writ must be dismissed. If, on the other hand, the court finds that petitioner's testimony was that his failure to return to California was legally justifiable, then the petitioner should be ordered re-instated on parole unless the Parole Board conducts further proceedings consistent with *Morrissey v. Brewer,* supra. Such proceedings could be in the nature of attempts to secure additional information from the California parole officer in a form which would serve as a substantial equivalent of such confrontation as would have been available had an on-site hearing been held,[1] or the Parole Board may choose to proceed upon other grounds for revocation which appear to be alleged in the record before it.

■ As to the dispositional aspect of the parole revocation process, the exhibits demonstrate that the Board provided petitioner with full opportunity to present testimony and arguments in his behalf and he did so.

■ Petitioner's remaining contention that the Parole Board is not a competent body to make decisions regarding parole is without merit. *See Matthew v. Juras,* 16 Or App 524, 519 P2d 402, *rev den* (1974).

Reversed and remanded.

---

[1] The Nevada witness would have been no more available for confrontation in the on-site California hearing than he was for the full revocation hearing in Oregon. Therefore there is no prejudice in that regard.