[No. 44501. En Banc. September 22, 1977.]

VERN J. OJA & ASSOCIATES, Respondent, v. WASHINGTON PARK TOWERS, INC., Petitioner, CAWDREY & VEMO, INC., ET AL, Respondents.

*Murray, Dunham & Waitt, Robert K. Waitt,* and *Barry M. Johnson,* for petitioner.

*Schweppe, Doolittle, Krug, Tausend, Beezer & Beierle, Warren A. Doolittle, Logerwell & Cohen,* and *Donald L. Logerwell,* for respondents.

DOLLIVER, J.—We granted the petition for review in order to review the opinion of the Court of Appeals in *Oja & Associates v. Washington Park Towers, Inc.,* 15 Wn. App. 356, 549 P.2d 63 (1976). The facts as set out herein are substantially as stated by the Court of Appeals, and are as follows:

The Lakeview Lanai, a 42–unit apartment building located in Seattle, was constructed in 1959 and purchased by respondent, Oja & Associates, in 1964. Thereafter,

Washington Park Towers, Inc., the appellant and petitioner, as owner of property adjacent to the Lakeview Lanai, entered into a contract with Cawdrey & Vemo, Inc., for the construction of a condominium apartment building. Cawdrey & Vemo engaged Manson Construction & Engineering Company to drive the pilings necessary to support the planned building. Manson worked from August 1966 to September 1966. There was no construction activity at the site from September 1966 until October 1967. During this period, Cawdrey & Vemo and Manson were relieved of their responsibilities. Work resumed on the project in the fall of 1967, and Larsen Construction Company completed the pile driving between approximately November 1967 and April 1968. The building was completed in 1969. Oja & Associates filed this action on March 2, 1971, to recover for damage allegedly sustained by the Lakeview Lanai as a result of the pile driving and other construction activity associated with the condominium apartment building. Washington Park Towers, Cawdrey & Vemo, Manson, Larsen, Fifth West, Inc., and R. C. Hedreen Co., Inc., were named as defendants. The claims against Cawdrey & Vemo and Manson were dismissed with prejudice on motions for summary judgment. On April 17, 1974, judgment was entered on a jury verdict against Washington Park Towers for $73,100. In a special verdict, the jury attributed 70 percent of the damage to the pile driving which occurred between August and September of 1966, and the remaining 30 percent to the pile driving which occurred between November 1967 and April 1968. Washington Park Towers appealed; Oja cross–appealed.

The first issue before us is whether respondent Oja & Associates' claim was barred by the statute of limitations. Although the parties agree the 3–year statute of limitations for damages to real property (RCW 4.16.080) applies to respondent's claim, the question is when the claim "accrued" within the meaning of RCW 4.16.010 which provides in part:

Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued . . .

(Italics ours.) This action was filed on March 2, 1971. In order to be within the statutory period, the respondent's cause of action would have to have "accrued" after March 2, 1968. Petitioner's pile driving took place in August and September 1966 and again between November 1967 and April 1968. The building was completed in 1969.

Under petitioner's theory, the statute of limitations was triggered no later than September 1966, when the first substantial damage occurred. If the cause of action accrued when the first substantial damage was done, under petitioner's theory no damage or at a maximum only 30 percent of the damage occurred within the statute of limitations' period. Under the respondent's theory, however, the claim for damages did not accrue until the completion of the construction project; consequently, 100 percent of the damage would have occurred within the period of the statute of limitations.

■ We agree with the position taken by the Court of Appeals and by the respondent Oja & Associates: The damages flowed from the pile driving as a whole and the cause of action accrued when the building was completed. We have reexamined the statute of limitation cases which have been before this court, as urged by respondent, and find this view to be consistent with these cases. *See Gillam v. Centralia,* 14 Wn.2d 523, 128 P.2d 661 (1942); *Papac v. Montesano,* 49 Wn.2d 484, 303 P.2d 654 (1956); *Cheskov v. Port of Seattle,* 55 Wn.2d 416, 348 P.2d 673 (1960); *Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 543 P.2d 338 (1975); *Haslund v. Seattle,* 86 Wn.2d 607, 547 P.2d 1221 (1976). In those cases involving damage to real property arising out of construction or activity on adjacent property, the cause of action accrues at the time the construction is completed if substantial damage has occurred at that time. If the damage has not occurred when the construction is completed,

the action accrues when the first substantial injury is sustained thereafter. In the instant case, substantial damage had occurred when the project was completed. The respondent was entitled to wait until the completion of the construction project before filing a cause of action so that it might determine the full extent of the damages. *See Gillam v. Centralia, supra.* A different rule would force a plaintiff to seek damages in installments in order to comply with the statute of limitations.

Petitioner argues *Gillam, Papac* and *Cheskov* should be distinguished since they all involve situations in which a governmental entity damaged real property without first going through a condemnation proceeding. We agree with the Court of Appeals that this distinction is not determinative.

The next issue before us is whether the trial court erred in applying strict liability to a pile driving activity. In the past, this court has found strict liability where damage was caused to plaintiff's well as the result of vibrations caused by an explosion. *Patrick v. Smith,* 75 Wash. 407, 134 P. 1076 (1913). We find that there is no significant distinction between vibrations caused by an explosion and vibrations caused by pile driving.

■■ In this jurisdiction, we have adopted the Restatement (Second) of Torts § 520 (1977), on the question of strict liability. *See Siegler v. Kuhlman,* 81 Wn.2d 448, 458, 502 P.2d 1181 (1972); *Langan v. Valicopters, Inc.,* 88 Wn.2d 855, 567 P.2d 218 (1977). The Restatement offers the following guidelines:

> In determining whether an activity is abnormally dangerous, the following factors are to be considered:
> (a) existence of a high degree of risk of some harm to the person, land or chattels of others;
> (b) likelihood that the harm that results from it will be great;
> (c) inability to eliminate the risk by the exercise of reasonable care;
> (d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

We find that pile driving sufficiently meets these criteria; the standard of strict liability was properly imposed. *See also Caporale v. C.W. Blakeslee & Sons, Inc.*, 149 Conn. 79, 175 A.2d 561 (1961); *Sachs v. Chiat*, 281 Minn. 540, 162 N.W.2d 243 (1968); *Selle v. Kleamenakis*, 142 So. 2d 50 (La. Ct. App. 1962); *Cincinnati Terminal Warehouses, Inc. v. Contractor, Inc.*, 324 N.E.2d 581 (Ohio Ct. App. 1975); and *Hoare & Co. v. McAlpine*, [1923] 1 Ch. 167 (1921).

 The next issue before us is whether the dismissal of petitioner's subcontractors on the grounds that the statute of limitations had run shields petitioners from liability. The respondent's action against defendants Manson Construction & Engineering Company and Cawdrey & Vemo, Inc., was dismissed as being barred by the statute of limitations. These defendants were involved in the pile driving only during the initial phase, in 1966. It is the petitioner's contention that a principal cannot be held derivatively responsible when the agent has been discharged. The petitioner's contention is valid only insofar as the judgment for the agent is "on the merits and not based on a personal defense." Restatement of Judgments § 99 (1942). In this case, the dismissal of the respondent's claims against the two construction companies was based upon the statute of limitations rather than the merits and the defense was personal to the construction companies. Thus petitioner's argument is without force.

We have examined the remaining assignments of error. In each instance we do not find them persuasive and adopt the opinion of the Court of Appeals.

We affirm the decision of the Court of Appeals and the trial court.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.