GLA INC., a Hawaiian corporation, dba DOCTORS
BUSINESS BUREAU OF HAWAII and dba PACIFIC
COLLECTIONS, Plaintiff-Appellant, v. PAUL J.
SPENGLER, JR., Defendant-Appellee

NO. 6764

FEBRUARY 19, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This case involves the application of rule
12(f)[1] of the Rules of the Circuit Court (RCC).

Plaintiff-Appellant filed its complaint on April 8, 1976,
alleging that defendant-appellee owed it $6,666.67 plus inter-
est from December 24, 1975 and $262.61 plus interest from
December 22, 1975. Service was effected on June 7, 1976.
Defendant's answer denying the alleged indebtedness was
filed on June 14, 1976.

The next document in the lower court file is the court
clerk's Notice of Proposed Dismissal issued on May 11, 1977

---

[1] Rule 12(f), Rules of the Circuit Court, states:

(f) Where no statement of readiness has been filed within one year after a
complaint has been filed or within any extension granted by the court, the clerk
shall notify in writing all parties affected thereby that the case will be dismissed
for want of prosecution unless objections are filed within 10 days after receipt of
such notice. If objections are not filed within said 10-day period or any extension
granted by the court, the case shall stand dismissed with prejudice without the
necessity of an order of dismissal being entered therein. Where objections are
filed within said 10-day period or any extension granted by the court, the court
shall hear said objections upon notice and determine whether the case should be
dismissed.

pursuant to rule 12(f), RCC. Plaintiff, on May 23, 1977, filed its Objection to Proposed Dismissal. Judge Fong considered plaintiff's objections at a hearing on June 7, 1977 and orally decided that the case should be dismissed.

On June 17, 1977, plaintiff filed a motion for reconsideration[2] which Judge Fong orally denied on July 11, 1977. On August 17, 1977, plaintiff filed a motion to reinstate because of defendant's failure to comply with rule 23, RCC,[3] asserting that "[i]f dismissal of the Complaint is an appropriate sanction against Plaintiff, then . . . reinstatement is the appropriate sanction against Defendant".

At the hearing on the motion to reinstate, when Judge Fong asked why the case had not been settled in the first place, defendant's attorney gave a brief summation of the facts which caused his client to conclude that he was not legally responsible for the alleged debts. Judge Fong orally denied the motion but ordered defendant to pay to plaintiff $75.00 for costs incurred by plaintiff in bringing its motion to reinstate. Thereafter a written order was entered dismissing the action "with prejudice".[4]

---

[2] Our decision in *Cuerva & Associates v. Wong,* 1 Haw. App. 194, 616 P.2d 1017 (1980), questioning a party's right to file a motion for reconsideration is inapplicable because in this case the motion for reconsideration was filed and heard prior to the filing of a written order. Thus, the motion was a request for the court to reconsider its oral order prior to the entry of its written order.

[3] Rule 23, Rules of the Circuit Court, states:

Within 10 days after decision of the court awarding any judgment, decree or order which requires settlement and approval by a judge, including any interlocutory order, the prevailing party, unless otherwise ordered by the court, shall prepare a judgment, decree or order in accordance with the decision and secure the approval as to form of opposing counsel thereon and deliver the original and one copy to the court, or, if not so approved, serve a copy thereof upon each party who has appeared in the action and deliver the original and one copy to the court. If any party objects to a proposed judgment, decree or order, he shall within 5 days thereafter serve upon the prevailing party and deliver to the court a statement of his objections and the reasons therefor, or his proposed judgment, decree or order, and in such event, the court shall proceed to settle the judgment, decree or order.

[4] On oral argument plaintiff indicated that it was not so much bothered by the dismissal as it was with the fact that the court ordered the dismissal "with prejudice". Although rule 12(f), RCC, is silent, rule 41(b) of the Hawaii Rules of Civil Procedure (HRCP) appears to give the court the power to determine whether the dismissal does or does not operate as an adjudication on the merits.

Plaintiff contends that the standard for considering whether or not to dismiss a case for failure to file a statement of readiness within one year after the complaint is filed should be the same as the standard for deciding whether or not to set aside a default entry or a default judgment. *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976), states the standard for setting aside a default as follows: The motion "may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or wilful act". (Citations omitted.)

Clearly, dismissal for want of prosecution is in the discretion of the court and the court's action will be reversed only for abuse of discretion. *You Dong Men v. Ai,* 41 Haw. 574 (1957). 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2370 (1971).

It may be, as suggested by plaintiff, that it is an abuse of discretion for the trial court to dismiss a case with prejudice for failure to prosecute when the facts indicate that the delay did not cause prejudice to the defendant, that the plaintiff has a meritorious claim, and that the failure was the result of excusable neglect.

However, even if plaintiff is correct about the applicable standard, it has not demonstrated on appeal that the lower court abused its discretion in concluding that plaintiff had failed to satisfy the standard.

To satisfy the standard, plaintiff relied solely on his attorney's affidavit, wherein the attorney explains that he did not file the statement of readiness as required because of "inadvertence",[5] that he "believes Plaintiff's claim to be worthy of a hearing on the merits", and that to the best of his knowledge and belief defendant's ability to defend has not been substantially prejudiced by the delay.

In effect, the lower court decided that plaintiff's attorney's inattention was not excusable neglect and that plaintiff

---

[5] WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY 421 (1972) defines "inadvertence" as inattention or oversight.

must suffer the consequences of its attorney's neglect. We find no abuse of discretion in either conclusion.

We recognize the policy favoring a full trial on the merits, *BDM, Inc. v. Sageco, Inc., supra,* at 76, and the policy disfavoring dismissals with prejudice if there are lesser sanctions that could vindicate the purpose of the rules and the desire to avoid court congestion. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2370 (1971). However, those policies do not cause us to reverse the lower court's decision in this case.

Plaintiff also contends the dismissal should be set aside because the lower court entertained a statement of defendant's position on the facts in dispute and left "a clear impression that such statements influenced the Court's decision". We reject this contention.

First, if plaintiff is correct that the *BDM, Inc. v. Sageco, Inc., supra,* standard applies, then the lower court could properly receive affidavits, evidence and offers of proof on the meritorious claim issue. Second, the lower court heard the defendant's position on the facts in dispute without any objection by plaintiff. Third, the lower court heard the defendant's position on the facts in dispute on August 29, 1977, some 52 days after its original decision to dismiss the case. Fourth, from the record we conclude that the lower court dismissed the case for failure to prosecute and not for any other reason.

Affirmed.

*Diane W. Wong (Robert R. Scarlett* on the briefs) for plaintiff-appellant.

*Carl Tom (Henry H. Shigekane, William J. Shannon* and *Naomi Sakamoto* on the brief), *(Damon, Shigekane, Key & Char* of counsel), for defendant-appellee.