STATE OF HAWAII, Plaintiff-Appellee, *v.* GLEN EDWARD ALSIP, Defendant, and RAYMOND C. MEDEIROS, Defendant-Appellant

NO. 7536

CRIMINAL NO. 52112

JUNE 30, 1981

PADGETT, ACTING C.J., BURNS, J., AND CIRCUIT JUDGE CHANG IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction of the offense of robbery in the second degree. The trial was jury-waived.

Essentially two points are urged by the appellant as bases for reversal. The first is that there was insufficient evidence to justify the denial of his motion for acquittal and the second is that certain

statements made by the court in the course of a colloquy between court and counsel during argument were specific findings of fact which were either improperly judicially noticed or erroneous. We do not agree with appellant on either point and consequently, affirm.

As to the contention that the motion to acquit should have been granted, there was ample evidence which, if believed, would sustain the conviction. Section 708-841(1)(b), Hawaii Revised Statutes, under which appellant was charged reads:

A person commits the offense of robbery in the second degree if, in the course of committing theft:

(b) He threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property; . . .

The complaining witness in effect testified that she acquiesced in the theft because appellant had his hand under his shirt and she presumed he had a gun when the co-defendant demanded money. Another witness saw the shorter of the two persons fleeing the scene throw something over a fence. A gun was later found at that location. Appellant was the shorter of the two persons who fled. In a jury-waived trial, credibility and weight of evidence are, of course, for the court. The question is if there was substantial evidence tending to support the conviction. *State v. Hernandez,* 61 Haw. 475, 605 P.2d 75 (1980). On a careful consideration of the record, therefore, we find no error in denying the motion for acquittal.

As to the second point, in order to properly consider it, we must set the matter in context. After the evidence had been adduced on April 9, 1979 and the motion for acquittal had been denied, the trial judge entered into a long colloquy with counsel during which he reviewed some of the evidence as he recollected it at that time. In the course of that colloquy, he stated:

THE COURT: You tell me where you can buy cigarettes for fifty-five cents. Even over here, the cheapest you can buy them for is seventy cents. At the least you can buy is sixty cents. You mean to tell me, a small liquor store who depends quite a bit on an independent sales business sells cigarettes for fifty-five cents? They'd lose money. They wouldn't be in business very long. So I don't believe his testimony. Forty-five cents change for Kools, you tell me where you can buy one for fifty-five cents?

Counsel complains that the court was taking judicial notice of the

price of cigarettes at retail and that this was improper. Later on, the court, after reviewing other evidence, said:

> Secondly, what I give credence to is the defendant. He testified on the stand that that gun was well aware of in the car because the guy was showing off the gun in the car. He did not try to show up the fact that he was trying to hide the gun.
>
> You didn't pick that up, but he so testified.

Appellant complains that this recollection of the court was erroneous, and it was.

But after the court had said the things of which appellant complains, the court said:

> And it's a queer case, I'm telling you. And I'm inclined to find the defendant guilty. But so far as I'm concerned, I'm going to take the matter under advisement.

A period of two months and 12 days then ensued until there was another hearing at which the appellant introduced certain photographs in evidence. The photographs clearly showed the appellant and the co-defendant in the store in question. They showed the complaining witness with the cash register open in the course of handing over the money to the co-defendant.

The complaining witness had given some conflicting statements. Nevertheless, she had testified that the appellant appeared to have a gun under his shirt although she never saw the gun. The photographs in question were introduced to show that appellant was holding a package of cigarettes in his left hand and had his right hand on the counter. Whether they, in fact, demonstrate the latter is somewhat questionable. However, the point in time at which the photographs were taken was after the complaining witness had allegedly gained the impression that appellant had a gun under his shirt and was in the process of complying with the co-defendant's demand for money. It is clear in the photographs that she was no longer looking at the appellant at that time so that anything she saw, with respect to him, must have been at an earlier point in the robbery. Nevertheless, the court permitted the additional photographs in evidence pointing out that appellant had been given the chance to adduce the additional evidence but that the photos were not that clear. Then the court said:

> THE COURT: And now based upon the Evidence adduced and taken together with all other evidence that was presented to the

court at the time of trial, the court at this time is ready to make its ruling. And based upon all the evidence, the court is convinced beyond a reasonable doubt the defendant is guilty, and the court so finds the defendant.

No request for specific findings of fact was made pursuant to Rule 23(c), Hawaii Rules of Penal Procedure. It is well-settled that in reviewing a decision rendered in a case tried by the court without a jury, an appellate court will indulge every reasonable presumption in favor of findings made by the court below as the basis of its decision and in the absence of specific findings, every finding of fact necessary to support the decision appealed from will be presumed to have been made. 5 AM. JUR. 2d *Appeal and Error* § 840 (1962).

As to the argument that there was improper judicial notice taken of the price of cigarettes at retail, which bore on appellant's credibility, we are not at all certain that judicial notice of such a matter of common knowledge would be improper if taken. See 29 AM. JUR. 2d *Evidence* § 14 (1967); *Almeida v. Correa,* 51 Haw. 594, 605, 465 P.2d 564, 572 (1970) and compare Rule 201(b), Hawaii Evidence Code.

As for the statement about the appellant having stated that he had seen the gun in the car, that obviously was a misrecollection on the part of the trial judge. The statement made indicates that the judge was giving credence to the appellant because of the misrecollection, not vice versa.

Unlike the case of *State v. Ruiz,* 49 Haw. 504, 421 P.2d 305 (1966), this is not a case where the court stated that but for the erroneous impression, it would have acquitted the appellant. Nor is it a case like *State v. Matsuda,* 50 Haw. 128, 432 P.2d 888 (1967) where the court's statements left unclear whether he had placed the burden of proof on the state.

Here the court's statement, indicating a misperception of the evidence, came at the close of a long colloquy with counsel about what was in the evidence and was followed by a statement that the case would be taken under advisement.

We do not deem the two statements complained of to be specific findings necessary to his ultimate finding of guilt since no ultimate finding was then made. The actual ruling was only made some two-and-a-half months later after the court had allowed a reopening of evidence and a further hearing was held. No showing is made that

the matter of the price of cigarettes or the misperception of the evidence about what the appellant saw in the car had any influence on the ultimate decision of the court or for that matter, was still in the mind of the court at the time the decision was made. Appellant was charged and found guilty of threatening the imminent use of force in the course of committing theft. How the statements complained of relate to that issue is nowhere explained.

Appellant's counsel could have disputed the court's recollection at the time the matter came up and called for the record; he could have adduced further testimony or evidence to show that the court was incorrect; or he could have moved under Rule 23(c), HRPP, to have the court turn its observations into specific findings upon which its general conclusions were based.

Basically, appellant is asking us to assume that the two statements pointed to were specific findings of fact (which the record does not reflect) and that those specific findings of fact were the bases for the general finding of guilt (which again, the record does not reflect). We think it would be highly destructive of orderly procedure and justice, particularly to defendants in criminal cases, if anything the court says during a colloquy with counsel is (1) to be automatically converted into a specific finding and (2) conclusively assumed to be a basis of the general conclusion of guilt. It is always possible for a trier of fact to misconceive the evidence. If we hold that every expression of a misconception of the evidence made during the course of trial is a basis for reversal without a showing that it resulted in the ultimate finding of guilt on the issue tried, then obviously, trial judges will be careful to say nothing and parties will have lost the opportunity to clear up misconceptions, if they exist. We will not adopt a rule which would have such a chilling effect upon trial courts.

Here, there is ample evidence to support the court's ultimate conclusion without resort to the statements complained of. The statements made by the court below which are complained of, do not, considering the facts and circumstances of this case, overcome the presumption in favor of the correctness of the court's ultimate conclusions. Accordingly, the judgment below is affirmed.

*Myles T. Yamamoto (Yamamoto & Lee* of counsel) for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney *(Janice T. Futa* on the brief), for plaintiff-appellee.