STATE OF HAWAII, Plaintiff-Appellee, *v.* PACITO PACARIEM, Defendant-Appellant, and MOISES J. CASIPE and VALENTIN B. DORIA, Defendants

NO. 7783

CRIMINAL NO. 53047

JULY 7, 1981

HAYASHI, C.J., PADGETT, J. AND CIRCUIT JUDGE SHINTAKU IN PLACE OF BURNS, J., DISQUALIFIED

*Per Curiam.* This is an appeal from a conviction of manslaughter after a jury trial.

Appellant urges that the denial of his motion for judgment notwithstanding the verdict was erroneous because the evidence presented at trial was not sufficient to support appellant's conviction of manslaughter.

Appellant also urges that there was error in the giving of certain instructions concerning manslaughter. However, appellant has not complied with Rule 3(b)(5), Rules of the Supreme Court, which provides in part

> A concise statement of the points on which appellant intends to rely, set forth in separate, numbered paragraphs. Each point shall refer to the alleged error upon which appellant intends to rely and shall show the manner in which it is raised, with a reference to the record where the same may be found. . . . *Where the point involves the charge of the court, there shall be set out the specific words of the part referred to, whether it be instructions given or refused, together with the objections urged at the trial.* . . . (Underscoring supplied.)

Consequently, those claimed errors will not be further considered. Compare, *MPM Hawaiian, Inc. v. Amigos, Inc.*, No. 6869, decided by the Supreme Court of Hawaii on June 23, 1981.

With respect to the claim that there was insufficient evidence and that therefore the motion for judgment notwithstanding verdict should have been granted, we find, on a review of the record, ample evidence to support the conviction.

Manslaughter is defined by § 707-702, Hawaii Revised Statutes (HRS), as follows:

> A person commits the offense of manslaughter if:
>
> (a) He recklessly causes the death of another person; . . .

Section 702-214, HRS, provides:

> Conduct is the cause of a result when it is an antecedent but for which the result in question would not have occurred.

There is evidence in the record, in this case, from which the jury could have found that the decedent punched one Casipe in the mouth outside of Diner's Drive-In in Waipahu. The decedent then proceeded with his sister into Diner's Drive-In. Casipe attempted to round up friends, one of whom was appellant, to help him in his altercation with the decedent and borrowed the knife, which was the

death weapon, from the appellant. Casipe and the appellant entered Diner's Drive-In. Casipe struggled with the decedent with the knife in his hand. The decedent was on top of Casipe when the appellant began punching him. The decedent's sister attacked the appellant and while he was fighting with her, Casipe stabbed the decedent in the eye, resulting in his death.

It seems clear to us that a cause of the death of the decedent was appellant's act in lending a knife to Casipe who had been involved in an altercation with the decedent and was rounding up friends, including appellant, for the purpose of renewing that altercation. In such circumstances, the act of lending the knife was reckless. Moreover, appellant did not stop there, but actively participated in the fight which followed during which the decedent was stabbed to death by Casipe. Obviously, there was ample evidence to support a conviction of manslaughter. The judgment is affirmed.

*June Y. Inouye,* Deputy Public Defender, for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, for plaintiff-appellee.