STATE OF 'HAWAII, Plaintiff-Appellee, *v.* ANDRES NAPOLEON, Defendant-Appellant

NO. 7880

CASE NO. 10P, C1979-7265

SEPTEMBER 2, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

Appellant was convicted of Assault in the Third Degree. It is undisputed that appellant hit the complaining witness with a baseball bat and broke his arm.

Appellant contends that he established a *prima facie* case of self-defense; that the court erroneously excluded evidence of the complaining witness' past actions and character; and that the court erred in imposing a duty to retreat upon him. We disagree and affirm.

Appellant and the complaining witness are both natives of Palau who have lived in Hawaii for some time. They are acquainted with each other and had on one previous occasion engaged in a fight. The incident in question took place around 6:30 p.m. on October 14, 1979, at Cartwright Field in Moiliili. Appellant was engaged in a softball game and the complaining witness was a spectator. Appellant struck the complaining witness at least once with a baseball bat and fractured his left arm. These facts are undisputed.

There is a dispute in the evidence as to how many times the complaining witness was struck: he says thrice; appellant says once. Appellant contends that the complaining witness on the occasion in question had threatened him; and that just prior to the incident, the complaining witness had advanced within ten feet of him holding a rock some six inches in diameter in his hand and uttering threats. The complaining witness, of course, denies the existence of the rock or the threats or of any advance upon the appellant.

At the close of the evidence, the trial judge rendered an oral decision. He indicated that it was extremely doubtful to him that the complaining witness had a rock at all; but that if he did have a rock of the size described, given his apparently intoxicated condition, he could not have thrown it with any accuracy; and that the appellant was at fault for not retreating.

Appellant asserts that he was under no obligation to retreat; that the rock was not sufficiently described for the court to reach the conclusion that it was of such a size that the complaining witness could not hurl it accurately; and that the State had failed to carry its burden to prove that the appellant had not acted in self-defense.

This is another case in which the appellant is attempting to convert the judge's statements in the course of his explaining the rationale of his decision to counsel as the basis for a reversal. Had the judge simply said he found appellant guilty, that would have been sufficient under Rule 23(c), Hawaii Rules of Penal Procedure, absent a request for specific findings. Had he done so, credibility being for the trier of fact, the complaining witness' testimony alone would sufficiently support the conviction. Here, the judge went further to

explain to counsel that even if he had found there was a rock in the complaining witness' hand, which he did not, that still wouldn't justify the assault in the circumstances. This is not a case like *State v. Ruiz,* 49 Haw. 504, 421 P.2d 305 (1966), where the oral decision makes it plain that but for an erroneous recollection of the evidence the appellant would have been acquitted.

Dealing with a similar problem in *State v. Alsip,* 2 Haw. App. 259, 630 P.2d 126 (1981), we recently pointed out the chilling effect upon exchanges between the court and counsel (which can be of great benefit to the parties) which a reversal in such circumstances would cause. In this case, however, even if there had been a finding that the complaining witness had a rock six inches in diameter in his hand, which there was not, we could not find error.

There was sufficient evidence for the court, had it found the six-inch rock existed, to have made a finding that the complaining witness could not have accurately thrown the rock in question. Given the complaining witness' testimony that he had consumed six beers, the size of the rock as testified to by appellant and his girlfriend and the distance between the parties at the time, we do not see that conclusion as being unwarranted by the evidence even if the court had found there was a rock.

However, all of that is beside the point. Appellant attacked the complaining witness with a baseball bat using sufficient force to break his arm. Hawaii Revised Statutes (HRS) § 703-300(4) states:

"Deadly force" means force which the actor uses with the intent of causing or which he knows to create a substantial risk of causing death or serious bodily harm. . . .

Under this definition, appellant, per se, used deadly force in the incident in question. HRS § 703-304(5) provides:

The use of deadly force is not justifiable under this section if:

. . . . .

(b) The actor knows that he can avoid the necessity of using such force with complete safety by retreating . . .

Under the evidence, the court below would have been justified and correct in holding that, given the circumstances, appellant knew that he could have safely retreated. Obviously, when the trier of fact is dealing with the issue of the state of mind, he is entitled to look at the circumstantial evidence as well as the appellant's testimony and if they conflict, to choose between them.

As we have recently stated:

It is well-settled that in reviewing a decision rendered in a case tried by the court without a jury, an appellate court will indulge every reasonable presumption in favor of findings made by the court below as the basis of its decision and in the absence of specific findings, every finding of fact necessary to support the decision appealed from will be presumed to have been made.

*State v. Alsip, supra,* 2 Haw. App. at 262, 630 P.2d at 128. Here, there was ample evidence upon which the court below could conclude that the appellant was not justified in his use of deadly force.

Appellant has also argued that there were errors in the exclusion of evidence. However, absolutely no attempt to comply with the provisions of Rule 3(b)(5) of the Rules of the Supreme Court (RSC) has been made. That rule states:

When the point involves the admission or rejection of evidence, there shall be included a quotation of the grounds urged at the trial for the objection, and the full substance of the evidence admitted or rejected.

The point relied upon in appellant's brief is:

The trial court erred in excluding competent, relevant, essential evidence.

Both this court and the Supreme Court of this State have repeatedly pointed out that points relied upon which do not comply with Rule 3(b)(5), RSC, will not be considered on appeal. This case involves a particularly blatant violation of the rule and we see no reason to condone it by giving consideration to the evidentiary points urged, even if we could tell from a reading of the briefs what they are, which we cannot.

Affirmed.

*Francis Akamine,* Law Student Intern (*John Barkai,* Supervising Attorney), for appellant.

*Arthur Ross (Kevin S. C. Chang* on the brief), Deputy Prosecuting Attorney, for appellee.