In the Matter of the Application of MILLER AND LIEB WATER. COMPANY, INC. for approval of rate increases, revised rate schedules, and for an interim rate increase

NO. 8362

(DOCKET NO. 3822)

SEPTEMBER 29, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.

*Per Curiam.* This is an appeal from a decision and order by the Public Utilities Commission (PUC) dated August 28, 1980, fixing rates pursuant to an application by appellant therefore, and from a decision and order denying a motion for reconsideration of the first order dated October 3, 1980. We affirm.

Appellant filed an application for approval of rate increase, revised rate schedule and for an interim rate increase. The consumer advocate recommended a lesser increase. After a hearing, the PUC issued detailed findings of fact and conclusions of law and fixed the rates well below appellant's request. Appellant then moved for reconsideration on 14 grounds. Many of those grounds were general in nature without specifics, as the Commission noted. The Commission, after considering the motion, denied the same and this appeal followed.

Our Rule 3(b)(5) provides in part:

[T]he appellant shall file an opening brief, containing . . .:

(5) A concise statement of the points on which appellant intends to rely, set forth in separate, numbered paragraphs.

... When the point involves findings or conclusions of the court below, those urged as error shall be quoted and there shall be included a statement of the particulars wherein the findings of fact or conclusions of law are alleged to be erroneous. ...

Appellant has completely failed to follow the provision just quoted. As a consequence, appellant's opening brief is virtually incomprehensible. As stated in the Answering Brief of the appellee:

Appellant's arguments are nothing more than vague conclusory statements which do not specify (1) how the Public Utilities Commission ... committed error, (2) why it was error for the Commission to rule in a particular manner, nor (3) how Appellant was prejudiced by the alleged error. Indeed, throughout Appellant's brief, it is difficult to discern exactly what it is that Appellant is contesting. (Answering Brief at p.3.)

Appellant's failure to abide by the rule quoted merits dismissal of the appeal. We have, however, reviewed the record and find no basis for reversing or modifying the Commission's orders.

An appeal to this court from a rate order of the PUC is authorized by § 269-16(f), HRS. On such an appeal, the standard of review is set forth in § 91-14(g):

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because of the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

We do not find that the orders appealed from were made in

violation of any constitutional or statutory provisions or were in excess of the statutory authority or jurisdiction of the Public Utilities Commission or were made upon unlawful procedure or were affected by any other error of law or were clearly erroneous or were arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Accordingly, the orders appealed from are affirmed.

*Roy M. Miyamoto* on the briefs for appellant.

*Ronald Shigekane* on the brief for appellee Consumer Advocate.

*Harry S. Y. Kim,* attorney of record for appellee Public Utilities Commission (no answering brief filed).


### CONCURRING OPINION OF NAKAMURA, J.

I concur in the result reached by the court.