YOLANDA JOHNSON, individually and as Guardian Pro-chein Ami for HARRY L. GALDEIRA, a minor, Plaintiffs-Appellants, *v.* ROBERT'S HAWAII TOUR, INC., JAMES T. TABA, FUJIO SAKURAI, individually and as Guardian Ad Litem for JOHN A. SAKURAI, a minor, Defendants-Appellees

NO. 7985

(CIVIL NO. 57627)

APRIL 25, 1983

HEEN, ACTING C.J., TANAKA, J., AND CIRCUIT JUDGE ACOBA IN THE PLACE OF CHIEF JUDGE BURNS, DISQUALIFIED

OPINION OF THE COURT BY HEEN, J.

This is an appeal by plaintiff Yolanda Johnson (plaintiff), individually and as Guardian Prochein Ami for Harry L. Galdeira (Galdeira), from an adverse jury verdict and judgment entered on July 14, 1980. For the reasons set forth below, we affirm.

Plaintiff asserts the following errors: (1) bifurcation of the trial into liability and damages issues and the denial of her motion for mistrial based on that bifurcation, (2) rulings on evidence, (3) rulings on matters of law, (4) rulings on proffered instructions, (5) use of a special verdict form, and (6) denial of her motion for judgment notwithstanding the verdict.

The pertinent facts are as follows. On June 30, 1979, Galdeira and Eddie Jesus (Jesus) were waiting at a bus stop in Kailua, Oahu, for a bus to take them to the Honolulu airport. Galdeira was drinking a beer. They saw John Sakurai (Sakurai) and Neldon Shigeo Marumoto (Marumoto) drive past in a pickup truck and called out to them. Galdeira and Jesus spoke to Sakurai and he agreed to take them to the airport. The group first stopped off at a gas station where they purchased gas and picked up Webster Leong. They then stopped at a liquor store to purchase a six-pack of beer before proceeding on towards the airport by way of the Wilson Tunnel to Nimitz Highway. Galdeira and Jesus rode in the bed of the truck. At Nimitz Highway, Sakurai made a wrong turn and proceeded in a

diamond head (easterly) direction instead of in an ewa (westerly) direction.

At that time, a bus owned by Robert's Hawaii Tour, Inc. (Robert's), and driven by defendant James T. Taba (Taba) was travelling in the lane next to the pickup. After travelling a couple of blocks, Galdeira and Jesus attempted to tell Sakurai that he was going in the wrong direction. In doing so, Galdeira either knelt near or sat atop the right side rail of the truck bed with his head extending towards the passenger window. Thereupon, Sakurai attempted to change to the left traffic lane and Galdeira fell out of the truck. Galdeira managed to hang onto the rail of the truck for a few seconds, but his foot slipped under the rear tire of the pickup and he fell to the pavement. At that point, the bus ran over his left leg.

Prior to trial, the lower court granted the defendants' motion to bifurcate the action into separate trials on liability and damages. Robert's pre-trial motion for summary judgment on the issue of punitive damages was orally granted on June 19, 1980, and a written order was entered on July 1, 1980. Trial commenced on June 23, 1980.

Prior to the close of the evidence, Taba, Robert's and Sakurai moved for directed verdicts. These motions were denied. Plaintiff's motion for directed verdict as to liability was denied. Taba and Sakurai then moved for a directed verdict as to punitive damages and it was granted.[1] On June 26, 1980, the jury returned a verdict finding none of the defendants negligent and Galdeira 100% negligent. On July 16, 1980, plaintiff filed a Motion for Judgment Notwithstanding the Verdict or, in the

---

[1] The procedure was unusual. The motions were requested when the court and counsel were settling instructions. The evidence was not completed yet, but the court asked for motions from counsel. Thereafter, one defense witness, Antonio Bermijio, testified and the defendant Taba was recalled and testified. Also, the motion for directed verdict as to punitive damages is a misnomer. Since this was only a trial on liability, there could be no disposition of any damages claim. The motion was really directed to the allegedly reckless and wanton conduct of defendants Sakurai and Taba. However, the mislabeling did not affect the disposition of the issue. The discussion between court and counsel clearly revolved around the nature of Sakurai's and Taba's actions as a basis for reckless and wanton conduct rather than a discussion of punitive damages.

Alternative, for a New Trial. This was denied by an order filed August 19, 1980. A timely appeal followed.

## I. BIFURCATION

Plaintiff raises several issues on appeal relating to bifurcation. The issues break down into two basic questions: (A) did the court err in granting the motion to bifurcate, and (B) did the court err in refusing to grant a mistrial based on the prejudicial effect of the bifurcation? We find no error.

### A.

Plaintiff has failed to order and designate the transcript of the hearing on the motion to bifurcate as part of the appellate record.

Rule 75(b) of the Hawaii Rules of Civil Procedure (HRCP) (1980, as amended) states that, "Within 10 days after filing the notice of appeal, the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record." In *State v. Goers,* 61 Haw. 198, 600 P.2d 1142 (1979), our supreme court held that since appellant had failed to include the transcript of a lower court hearing in the record on appeal, there was no basis on which the lower court's findings could be reversed. Also, in *State v. Hawaiian Dredging Co.,* 48 Haw. 152, 397 P.2d 593 (1964), the supreme court stated that an appellant must furnish to the appellate court a sufficient record to positively show the alleged error. *See also Marn v. McReynolds,* 44 Haw. 655, 361 P.2d 383 (1961). Other courts have held that the failure of an appellant to designate the transcript of a lower court hearing as part of the record on appeal is cause for dismissal of the appeal or affirmation of the lower court decision. *D & M Adjustment Co. v. Takahashi,* 474 P.2d 184 (Colo. App. 1970); *Yetter v. Kennedy,* 175 Mont. 1, 571 P.2d 1152 (Mont. 1977); *Nicklau v. People's State Bank,* 459 P.2d 853 (Okla. 1969); *Huckaby v. Newell,* 16 Or. App. 581, 519 P.2d 1290 (1974); *Nix v. Chambers,* 524 P.2d 589 (Wyo. 1974). We find that plaintiff's failure to order and designate the transcript as part of the appellate record is fatal to this issue on

appeal.[2] *See Hawaiian Trust Co. v. Cowan,* 4 Haw. App. 166, 663 P.2d 634 (1983).

### B.

A motion for mistrial is directed to the discretion of the trial court. 76 Am. Jur. 2d *Trial* § 1073 (1975); *Peters v. Benson,* 425 P.2d 149 (Alaska 1967); *Hernandez v. State,* 132 Ariz. 561, 647 P.2d 1159 (Ariz. App. 1982); *Watkins and Faber v. Whiteley,* 592 P.2d 613 (Utah 1979); *Vern J. Oja and Associates v. Washington Park Towers, Inc.,* 15 Wash. App. 356, 549 P.2d 63, *aff'd,* 89 Wash. 2d 72, 569 P.2d 1141 (1976). As in all actions involving discretion, the trial court will not be overturned on appeal absent an abuse thereof. Appellant must show that the trial court's decision "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Friedrich v. Department of Transportation,* 60 Haw. 32, 586 P.2d 1037 (1978); *Title Guaranty Escrow Services, Inc. v. Powley,* 2 Haw. App. 265, 630 P.2d 642 (1981); *GLA, Inc. v. Spengler,* 1 Haw. App. 647, 623 P.2d 1283 (1981).

Plaintiff contends that the bifurcation prevented her from introducing into evidence a photograph of a scar on Galdeira's leg, which she argues tended to prove that the front tires of the bus ran over the leg. Plaintiff asserts that the photograph would have proved that the bus was partly in the same traffic lane as the truck at the time Galdeira was run over. The court ruled that this was evidence of damages and therefore, inadmissible in the liability portion of the trial. The court also denied plaintiff's motion for mistrial based on the court's ruling.

We find no abuse of discretion by the court in rejecting the evidence or in denying the motion for mistrial. While the photograph might arguably be evidence of which tire of the bus

---

[2] Plaintiff stated at oral argument that the transcript was not ordered because of a lack of funds. However, this does not make the transcript "unavailable" under Rule 75(c), HRCP (1980, as amended). *See Thomas v. Computax Corp.,* 631 F.2d 139 (9th Cir. 1980).

caused the injury, it is a photograph of a scar not a tire imprint. Moreover, the evidence was cumulative at best since Galdeira and Jesus testified that it was the front tire of the bus that ran over Galdeira.

## II. EVIDENTIARY RULINGS

A. Plaintiff contends that the trial court erred in refusing to permit Odell Johnson (Johnson), Galdeira's stepfather, to testify as to the location, nature, size and appearance of the wound on Galdeira's leg as Johnson observed it very shortly after the incident. We decline to consider this alleged error for the reason that in attempting to raise the point, plaintiff has failed to comply with Rule 3(b)(5) of the Rules of the Supreme Court (RSC) (1981, as amended).

Rule 3(b)(5) relates to how a point of error is to be set forth in opening briefs and states in pertinent part:

(5) A concise statement of the points on which appellant intends to rely, set forth in separate, numbered paragraphs. Each point shall refer to the alleged error upon which appellant intends to rely and shall show the manner in which it is raised, with a reference to the record where the same may be found. When the point involves the admission or rejection of evidence, there shall be included a quotation of the grounds urged at the trial for the objection, and the full substance of the evidence admitted or rejected.

Plaintiff has failed to comply with the above provisions.

This court has previously held that we will not consider on appeal issues that are not raised in compliance with Rule 3(b)(5). *State v. Napoleon,* 2 Haw. App. 369, 633 P.2d 547 (1981); *King v. Ilikai Properties, Inc.,* 2 Haw. App. 359, 632 P.2d 657 (1981); *Hana Ranch, Inc. v. Kaholo,* 2 Haw. App. 329, 632 P.2d 293 (1981); *State v. Pacariem,* 2 Haw. App. 277, 630 P.2d 650 (1981). *See also In re Miller & Lieb Water Co.,* 65 Haw. 310, 651 P.2d 486 (1982); *Lau v. Valu-Bilt Homes, Ltd.,* 59 Haw. 283, 582 P.2d 195 (1978); *Alamida v. Wilson,* 53 Haw. 398, 495 P.2d 585 (1972).

B. Plaintiff also alleges as error the refusal of the court to allow Johnson to testify as to a "test" he conducted concerning the acceleration rate of the bus, arguing that it was relevant to

the issue she raised that the bus was speeding, racing, and straddling two traffic lanes. We think the evidence was irrelevant and properly refused. Rule 402, Hawaii Rules of Evidence (HRE), Title 33, chapter 626, Hawaii Revised Statutes (effective January 1, 1981).[3] *State v. Smith,* 59 Haw. 565, 583 P.2d 347 (1978).

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *State v. Smith, supra. See also* HRE, Rule 401. The proffered evidence in no way tends to establish any of the above propositions.

Plaintiff raises as a side issue the alleged impropriety of the judge in advising Robert's attorneys as to methods of keeping out Johnson's testimony. Again, plaintiff has failed to comply with Rule 3(b)(5), RSC, and we, therefore, will not consider this point. *State v. Napoleon, supra; King v. Ilikai Properties, Inc., supra; Hana Ranch, Inc. v. Kaholo, supra.*

C. Plaintiff argues that the court should not have allowed the deposition of Warren Franca (Franca) into evidence and to be read to the jury because there was no showing that defendants had used due diligence in attempting to secure Franca to testify at trial and plaintiff was not afforded her right of confrontation.

Rule 32(a)(3)(D), HRCP (1972, as amended), allows the trial court to admit into evidence the deposition of any witness when the party offering the deposition has been unable to procure the attendance of the witness by subpoena. The record indicates that a subpoena was issued but that the witness had evaded service. Plaintiff argues but has not presented anything in the record to indicate any lack of diligence in serving Franca, or that the defendants had impeded such service.

Plaintiff's argument that the deposition should not have been admitted because neither she nor her attorney were present at its taking is completely frivolous. Plaintiff's counsel

---

[3] Although not in effect at the time of trial, Rule 402, HRE, embodies the existing case law prior to its adoption. *See State v. Smith,* 59 Haw. 565, 583 P.2d 347 (1978).

received notice of the deposition but chose not to attend or send someone in his place. *See generally* 23 Am. Jur. 2d *Deposition and Discovery* § 128 (1965); *Stremel v. Sterling,* 1 Kan. App. 2d 310, 564 P.2d 559 (1977). *See also Wong Ho v. Dulles,* 261 F.2d 456 (9th Cir. 1958). Plaintiff's confrontation argument is totally without merit.

D. Plaintiff contends that the court erred in allowing into evidence portions of Galdeira's hospital records showing the alcohol level of his blood shortly after the accident.[4] Plaintiff contends that the hospital records related to Galdeira's treatment and was evidence going to damages which should not have been admitted in the liability trial. We find no error by the trial court.

The evidence was clearly relevant in determining whether Galdeira was negligent. *Cf. McKenna v. Volkswagenwerk,* 57 Haw. 460, 558 P.2d 1018 (1977). Plaintiff has failed to show that the probative value of the evidence was outweighed by any possible prejudicial effect or that it would have been confusing or misleading to the jury. Rule 403, HRE.[5] Thus, plaintiff has failed to show that the trial court abused its discretion in admitting the evidence. *State v. Estencion,* 63 Haw. 264, 625 P.2d 1040 (1981); *State v. Vincent,* 51 Haw. 40, 450 P.2d 996 (1969); *State v. Iaukea,* 56 Haw. 343, 537 P.2d 724 (1975); *State v. Chong,* 3 Haw. App. 246, 648 P.2d 1112 (1982).

### III. RULINGS OF LAW

Plaintiff contends that the trial court erred in failing to rule, as she requested, that Galdeira's negligence was not a proxi-

---

[4] Plaintiff has also raised as error the admission of the testimony of Dr. Bernice Coleman regarding the interpretation of the hospital records. However, she has not argued the points in her briefs and has waived it. *Quality Furniture, Inc. v. Hay,* 61 Haw. 89, 595 P.2d 1066 (1979). *Cf. Rosa v. Johnston,* 3 Haw. App. 420, 651 P.2d 1228 (1982).

[5] Rule 403, HRE, also embodies the case law prior to its adoption. *See State v. Lui,* 61 Haw. 328, 603 P.2d 151 (1979); *State v. Apao,* 59 Haw. 625, 586 P.2d 250 (1979).

mate cause of his injuries and that Sakurai, Robert's and Taba were liable as a matter of law; failing to grant her motion for directed verdict; and in granting Sakurai's and Taba's motions for directed verdict as to punitive damages.[6]

The evidence in the instant case was conflicting. In such circumstances, a directed verdict is improper. 5A Moore's Federal Practice ¶ 50.02[1] (2d ed. 1982). Moreover, questions of negligence and proximate cause are not ordinarily suscep-tible of summary adjudication. *De Los Santos v. State,* 65 Haw. ___, 655 P.2d 869 (1982); *McKeague v. Talbert,* 3 Haw. App. 646, 658 P.2d 898 (1983).

In the instant case, the jury verdict held that Galdeira was 100% negligent. Since we are affirming the jury's verdict, the questions above, relating as they do to liability, causation, and punitive damages are moot.[7] *Sanders v. Point After, Inc.,* 2 Haw. App. 65, 626 P.2d 193 (1981); *International Market Place Corp. v. Liza, Inc.,* 1 Haw. App. 491, 620 P.d 765 (1980).

### IV. INSTRUCTIONS

Plaintiff claims that the trial court erred in refusing her instructions 3, 4, 9, 10, 11, 12, 13, 14, and 15 and in giving Robert's instruction A and Sakurai's instructions D, E, G, and H.

Plaintiff has again failed to comply with the requirements imposed by Rule 3(b)(5), RSC,[8] with respect to all of the above instructions except Sakurai's instruction E.[9] Therefore, we consider only Sakurai's instruction E. *See State v. Halemanu,*

---

[6] *See* n.1, *supra.*

[7] With regard to Sakurai's and Taba's motions, since the jury found they were not negligent at all, they certainly could not have been assessed punitive damages.

[8] The pertinent part of Rule 3(b)(5), RSC, states:
Where the point involves the charge of the court, there shall be set out the specific words of the part referred to, whether it be instructions given or refused, together with the objections urged at the trial.

[9] Plaintiff has also failed to comply with Rule 51(e), HRCP, regarding objections to instructions. The record indicates no objections by plaintiff as to the court's rulings on his instructions 9, 11, 12, 13, 14, and 15.

3 Haw. App. 300, 650 P.2d 587; *State v. Pacariem, supra.*

Sakurai's instruction E[10] is a correct statement of the law, *McKenna v. Volkswagenwerk, supra,* and does not render the instructions as a whole prejudicially insufficient, erroneous, inconsistent or misleading. *State v. Napeahi,* 57 Haw. 365, 556 P.2d 569 (1976); *Tittle v. Hurlbutt,* 53 Haw. 526, 497 P.2d 1354 (1972); *State v. Johnson,* 3 Haw. App. 472, 653 P.2d 428 (1982); *State v. Halemanu, supra.* We find no error.

### V. VERDICT UPON SPECIAL INTERROGATORIES AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE FOR A NEW TRIAL

Plaintiff again has failed to comply with Rule 3(b)(5), RSC, as to both of these issues and the alleged errors will not be considered. *State v. Napoleon, supra; King v. Ilikai Properties, Inc., supra; Hana Ranch, Inc. v. Kaholo, supra.*

Moreover, with regard to the motion for judgment n.o.v. or new trial, the record clearly indicates that, there was conflicting evidence on issues of fact and that the matter was appropriately submitted to the jury. Therefore, the motion was properly denied. *Board of Directors of the Association of Apartment Owners of Regency Tower Condominium Project v. Regency Tower Venture,* 2 Haw. App. 506, 635 P.2d 244 (1981); 5A Moore's Federal Practice ¶ 50.07[2] (2d ed. 1982); 9 Wright & Miller, Federal Practice & Procedure: *Civil* § 2537 (1971).

Affirmed.

*Joseph A. Ryan (Ryan & Ryan* of counsel) for plaintiffs-appellants.

*Robert P. Richards (Walter Davis* and *Ashley K. Fenton* on the brief; *Davis, Playdon, Reid & Richards* of counsel) for defendants-appellees Robert's Hawaii Tour, Inc. and James T. Taba.

*Wray H. Kondo (James Kawashima* and *J. Douglas Ing* with him on the brief; *Kobayashi, Watanabe, Sugita & Kawashima* of counsel) for defendants-appellees Sakurais.

---

[10] Sakurai's Instruction E states:

Evidence of intoxication may be considered in combination with all other conduct, under the circumstances shown by the evidence, in arriving at your decision as to whether any party exercised or failed to exercise ordinary care.