STATE OF HAWAI`I, Plaintiff-Appellee,
v.
DAVID RANDALL PEREIRA, Defendant-Appellant
No. 29361
Intermediate Court of Appeals of Hawaii.
June 23, 2009.
On the briefs:
Setsuko Regina Gormley, Deputy Public Defender for Defendant-Appellant.
Shaunda A.K. Liu, Deputy Prosecuting Attorney, County of Hawai`i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER.
WATANABE, Acting C.J., FUJISE and LEONARD, JJ.
Defendant-Appellant David Randall Pereira (Pereira) appeals from the judgment of conviction and sentence for one count of abuse of family or household member in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2008) entered on August 14, 2008 by the Family Court of the Third Circuit (family court).[1] On appeal, Pereira argues that there was insufficient evidence to disprove Pereira's claim of the justification of self-defense. We disagree.
The standard of review for a challenge to the sufficiency of the evidence is as follows:
[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai`i 128, 145, 938 P. 2d 559, 576 (1997)). "`Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawai`i at 33, 960 P.2d at 1241 (internal quotation marks and citation omitted).
State v. Bayly, 118 Hawai`i 1, 6, 185 P.3d 186, 191 (2008).
As the trier of fact, the judge may draw all reasonable and legitimate inferences and deductions from the evidence, arid the findings of the trial court will not be disturbed unless clearly erroneous. [Lono v. State, 63 Haw. 470, 473-474, 629 P.2d 630, 633 (1981)]. An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge. Domingo v. State, 76 Hawai`i 237, 242, 873 P.2d 775, 780 (199-1); Amfac, Inc. v. Waikiki Beachcomber Investment Co., 74 Haw. 85, 117, 839 P.2d 10, 28 (1992), reconsideration denied, 74 Haw. 650, 843 P.2d 144 (1992); State v. Aplaca, 74 Haw. 54, 65-66, 837 P.2d 1298, 1304-05 (1992),
State v. Eastman, 81 Hawai`i 131, 139, 913 P.2d 57, 65 (1996).
The use of force in self-protection is justified under the following circumstances:
Subject to the provisions of this section and of section 703-308, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.
HRS § 703-304(1) (1993). The justification of self-protection requires that Pereira believed that force was immediately necessary. Viewing the evidence in the light most favorable to the State, there was substantial evidence to support a conclusion that Pereira was not acting under a belief that the use of force was immediately necessary to protect himself. While Pereira testified that he punched the complaining witness to stop her from hitting him, Pereira also testified that he punched the complaining witness because he just snapped and that he punched the complaining witness to stop her verbal abuse. Given the state of the evidence supporting at least three possible reasons for Pereira's actions, the family court's conclusion that Pereira was not acting in self-defense was not clearly erroneous.
Pereira argues that the family court improperly imposed upon him a duty to retreat. Pereira's premise that there is no duty to retreat is correct.
Except as otherwise provided in subsections (4) and (5) of this section, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used without retreating, surrendering possession, doing any other act which he has no legal duty to do, or abstaining from any lawful action. HRS § 703-304(3) (1993). However, it is not clear that the family court improperly imposed a duty to retreat on Pereira. The family court did state that:
This was a situation that had been building for a time. And  but instead of leaving, instead of calling the police to have her taken out, to enforce the domestic protective order, ah, Mr. Pereira elected to stay in this situation until, as he testified, he couldn't take it anymore and he struck her.
However, the context of the family court's statement is the four weeks in which Kauka was staying with Pereira and may have been a review of what he might have done during the period of time in which the situation was building. This is not the imposition of a duty to retreat. Contrary to Pereira's argument that from this comment we should infer an improper conclusion, the presumption is instead "in favor of the correctness of the court's ultimate conclusions." State v. Alsip, 2 Haw. App. 259, 262, 630 P. 2d 126, 129 (1981). The concluding phrase does state that Pereira punched Kauka for reasons other than self-defense which is consistent with a conclusion that Pereira did not act in self-defense
Therefore,
IT IS HEREBY ORDERED that the Judgment of Conviction for one count of abuse of family or household member in violation of HRS § 709-906(1) (Supp. 2008) entered on August 14, 2008 by the Family Court of the Third Circuit is affirmed.
NOTES
[1] The Honorable Ben Harry Gaddis presided.