No. 46,622

STATE OF KANSAS, *Appellee,* v. JACK E. LONG, *Appellant.*

(502 P. 2d 810)

Opinion filed November 4, 1972.

*Donald L. Gottschalk,* of Dinges, Gottschalk, Rome and Bolton, of Hutchinson, argued the cause and was on the brief for the appellant.

*Porter K. Brown,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action wherein the defendant, Jack E. Long, was convicted of child desertion pursuant to K. S. A. 21-442.

The controlling question on appeal concerns the admissibility of evidence used to obtain a conviction.

The information charging the appellant with child desertion was dated March 18, 1966. Pursuant to K. S. A. 21-445 (now

K. S. A. 1971 Supp. 21-3605 [d]) the appellant was released before trial on order of the court and placed on probation under a $1,000 bond and upon his promise to make payments to his wife of $30 per week as child support. On August 16, 1966, a motion was filed to revoke the appellant's parole. The motion alleged the appellant had failed to adhere to the terms of his probation and that he had failed to report to his parole officer. A bench warrant was subsequently issued for the appellant's arrest, but the appellant was not arrested until May 13, 1971, after he had been located in the State of California.

During the period the appellant was on probation, and prior to his arrest in California nearly five years after he was placed on probation, the appellant made only one $30 child support payment to his wife.

At the appellant's trial the state introduced the five documentary exhibits here in controversy which consisted of the following: His recognizance bond; order of probation; record of payments made to the clerk of the district court's office after the date of the charges; the state's motion to revoke parole; and the bench warrant issued for the arrest of the appellant.

The appellant's trial lasted one day. Only three witnesses were called by both the appellant and the prosecution. The three witnesses were the clerk of the district court, the appellant's wife, and the appellant. The jury impaneled to hear the case returned a verdict of guilty as charged. A motion for a new trial was denied by the trial court, and appeal has been duly perfected.

The appellant contends the court erred in admitting into evidence the state's Exhibits 1 through 5 heretofore enumerated.

The appellant was charged in an information with unlawfully feloniously and willfully deserting or failing and refusing to support his three minor children from on or about the 29th day of September, 1965, and continuously from that date up to and including the 4th day of March, 1966. Over objection, the five exhibits in question were admitted into evidence on behalf of the state. They disclosed the recognizance bond of the appellant dated March 8, 1966; the requirement that he pay $30 per week commencing April 1, 1966, and each week thereafter for the support of his minor children; the order of probation which he executed March 18, 1966, telling the jury that the appellant had not supported his children for the period charged; the court ledger which disclosed that the appellant failed to make support payments pursuant to the court's order subsequent to March 18, 1966; the

motion to revoke the parole filed by the county attorney August 16, 1966, seeking revocation of the parole for failure to report to his parole officer as ordered; and the bench warrant issued for his arrest on May 17, 1971. Nowhere in the record is it indicated the appellant stood trial or received a hearing on the motion to revoke his parole.

All of these matters occurred subsequent to the period of time the appellant is alleged to have failed to support his children. They disclose to the jury that the appellant failed to support his children subsequent to the time charged and for which the trial court revoked his parole.

The appellant contends this was extremely prejudicial. We agree. The evidence *relevant to the crime charged* was the appellant's failure to support his minor children from September 29, 1965, to March 4, 1966. His failure to support subsequent to March 4, 1966, is irrelevant. The admission of the five exhibits in evidence was highly prejudicial.

The trial court's instruction No. 7 informing the jury of the provisions of K. S. A. 21-445 was also prejudicial. Here the appellant was being tried on charges for failing to support his minor children. The jury would be justified in inferring that the probation which had previously been granted the appellant was violated and revoked for failure to support.

It is the jury's function to weigh the evidence and find the facts. (*State v. Fry*, 173 Kan. 536, 543, 249 P. 2d 929.) The jury is the exclusive judge of all material questions of fact. (*State v. Jensen*, 197 Kan. 427, 441, 417 P. 2d 273.)

When the jury was told the appellant had violated the terms of the probation order the province of the jury was invaded. The jurors were the sole and exclusive judges of all issues of fact in the case. The instruction served only to implant in the mind of each juror the fact that the trial court felt the appellant was guilty. Instructions should be carefully guarded by the trial court so the jurors are left free to exercise their independent judgment upon the facts.

It should be noted the provisions of K. S. A. 60-455, which permits evidence of other crime or civil wrong for the limited purposes specified, were not invoked. This section of the code was not asserted by the prosecuting attorney when the appellant's objections were lodged, and no limiting instruction was requested or given.

The judgment of the lower court is reversed with directions to grant a new trial.