KENNETH LONO, Petitioner-Appellant, *v.* STATE OF HAWAII, Respondent-Appellee

NO. 7318

S. P. NO. 4598

JUNE 22, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* Several questions are raised by appellant Kenneth Lono in this appeal which resulted from a circuit court order denying appellant's petition for post-conviction relief under Rule 40, Hawaii Rules of Penal Procedure.

Appellant's petition had requested the circuit court to set aside his pleas of guilty made in 1965 to two counts of murder for which he was given a mandatory sentence of life imprisonment without parole. His petition claimed that at the time he entered his guilty pleas, he was ignorant as he was never told that murder in the first degree carried a mandatory sentence of life imprisonment without parole. Being ignorant of the consequences of his pleas, he claims that his pleas were not entered into voluntarily and with an understanding of the nature of the charges[1] against him, and because of such ignorance, he was denied effective assistance of counsel.[2]

Appellant's appeal now claims that the circuit court abused its discretion in finding that his pleas of guilty were made voluntarily and with an understanding of the nature of the charges, and further claims that appellant was denied effective assistance of counsel under the United States and Hawaii State constitutions.

For reasons set forth, we affirm the lower court.

I.

Appellant was jointly charged and tried for murder in the first degree with co-defendants Alfred Tai, Donald Maui Kealoha and John Requilman, Jr., for the killing of two police officers. Each defendant was represented by counsel.

On April 7, 1965, during the course of the trial, after a witness named William Brown commenced to testify about a post-killing conversation he had with appellant in which appellant had talked

---

[1] In 1965, Rule 11 of the Hawaii Rules of Criminal Procedure stated:

PLEAS

A defendant shall be apprised of his right to counsel before plea. He may then plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and *shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.* If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. [Emphasis added.]

[2] United States Constitution, sixth amendment; Hawaii State Constitution, art. I, § 14 (1978).

about the crime, appellant informed his counsel that "for personal reasons," because "he (Brown) knows too much," he wanted to plead guilty. Mr. Nathaniel Felzer, counsel for appellant, requested and received a recess on behalf of appellant.

During the course of the recess, a plea bargain agreement was made by all defendants[3] with the State. Appellant and Tai agreed to plead guilty to the two murder counts, and the State agreed to allow the younger co-defendants, Kealoha and Requilman, to plead guilty to a reduced charge of accessories after the fact.

After recess, appellant entered his guilty pleas[4] and was sentenced to imprisonment for life without parole. He made no objection to his sentence, neither immediately after sentencing nor during all of his years of confinement until April 1978, when he filed his petition for post-conviction relief.

## II.

Essential to the issues raised by appellant is a determination whether the circuit court in its decision and order denying appellant's petition for post-conviction relief made a finding that appellant was aware of the mandatory sentence of life imprisonment without parole at the time he pleaded guilty to the charges. If the

---

[3] Appellant denied any knowledge of the agreement.

[4] COURT: (To appellant) Kenneth K. Lono, do you understand the charge against you, as to the first count, being, in substance, the murder in the first degree of Abraham Edgar Solomon Mahiko?
LONO: I do.
COURT: How do you plead to that charge?
LONO: Guilty.
COURT: Your plea of guilty will be entered and upon the entry of such plea, I find and adjudge you guilty of the first count in the indictment. Kenneth K. Lono, how do you — do you understand the nature of the charge in the second count in the indictment against you, to-wit the murder in the first degree of Andrew Roland Morales?
LONO: I do.

. . . . .

COURT: How do you plead to that charge?
LONO: Guilty.
COURT: Your plea of guilty will be entered and upon the entry of such plea, I find and adjudge you guilty of said charge.

circuit court held that appellant was aware of the mandatory punishment, and we uphold the court's finding, we will be able to conclude that appellant was aware of the consequences and that there can be no claim that there was ineffective assistance of counsel.

### III.

In its decision, the circuit court made the following findings:
The evidence further shows that the Defendants and counsel all got together after Petitioner had indicated to the Court his desire to plead guilty and come up with a package deal whereby the two younger Defendants would be allowed to plead to a lesser charge if Petitioner and Tai pleaded guilty as charged. This *shows probable knowledge of what the sentence was* for Murder in the First Degree. Added to this is the fact that Petitioner heard the sentence given in open court and has waited so long to contest it — this is most *cogent evidence of the fact that Petitioner knew the mandatory sentence all along.* [Emphasis added.]
... The evidence is heavily against Petitioner's contention.

We disagree with the argument made by appellant that the circuit court found that appellant had *only* "probable knowledge" of the sentence for murder in the first degree. The statement of the court: "This shows probable knowledge of what the sentence was for Murder in the First Degree," when read with the other findings, is not the ultimate conclusion reached by the court on the issue of knowledge; it is merely a statement of logical deduction made by the court in its reasoning process. The court made a finding that defendants (including appellant) and counsel got together and came up with the plea bargain agreement, thus indicating probable knowledge on appellant's part, and a further finding that appellant heard the sentence given in open court and waited so long to contest it. These findings led the court to ultimately conclude that "Petitioner knew the mandatory sentence all along."

It is for the trial judge as factfinder to assess credibility of witnesses, including defendants, and to resolve all questions of fact; the factfinder may accept or reject any witness' testimony in whole or in part. *State v. Hopkins,* 60 Haw. 540, 502 P.2d 810 (1979). The trier of fact may draw all reasonable and legitimate inferences and deductions from the evidence adduced from admitted or known facts, and

474

findings of the trial court will not be disturbed unless clearly errone-ous. *State v. Herrera,* 63 Haw. 405, 629 P.2d 626 (1981).

We conclude that there was substantial evidence to support the finding of the trial court that appellant had knowledge of the mandatory sentence of life imprisonment without parole at the time he entered his guilty pleas. We fail to see where such finding was clearly erroneous. We see no need to review the questions raised by this appeal.

Accordingly, we affirm the judgment of the lower court.

*Bruce A. Masunaga, Steve K. Miyasaka,* Deputy Public Defenders, on the briefs for petitioner-appellant.

*Glenn M. Miyajima,* Deputy Prosecuting Attorney, on the brief for respondent-appellee.