LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29835

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
THOMAS A. MARZEC, Defendant-Appellant

KHAMAKADO CLERK. APPELLATE COURTS STATE OF HAWAII
2010 AUG 10 AM 8:00
FILED

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTI-08-126372)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Thomas A. Marzec (Marzec) appeals the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on April 16, 2009, in the District Court of the First Circuit, Honolulu Division (district court).[1] A judgment was entered against Marzec for Speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-102(a)(1) (2007) for an incident on July 14, 2008.

On appeal, Marzec contends that (1) "[t]he trial court was wrong to not provide, upon motion, requested findings and conclusions" and that "[t]he trial court was wrong and abused its discretion in providing unclear and inadequate findings and conclusions on the record;" (2) "[t]he State did not prove or even address, and the trial court did not find or conclude, that this case involving a laser gun met the requirements in State v. Assaye, 121 Hawai'i 204, 209-14, 216 P.3d 1227, 1232-37 (2009);" (3) "[t]he trial court was wrong and/or abused its discretion by allowing into evidence general testimony throughout the trial, from the State's only witness, the police officer;" (4) "[t]he trial court was wrong and/or abused their [sic] discretion in denying Marzec's photo and video exhibits as evidence, ruling them not relevant, and would not even allow the videos to be

---

[1] The Honorable Hilary Benson Gangnes presided.

played while cross-examining the State's only witness;"
(5) "[t]he trial court's bias and lack of impartiality was prejudicial to Marzec; thereby wrongly depriving Marzec of a fair trial, to include plain error in trial court and State actions."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Marzec's points of error as follows.

(1) The district court did not abuse its discretion in denying Marzec's motion to enter written findings of fact and conclusions of law, where (a) no requirement exists therefor under HRS Chapter 291D, the Hawai'i Civil Traffic Rules (HCTR) that govern civil infraction cases in district courts (HCTR Rule 2), or under the Hawai'i Rules of Penal Procedure, Rules of the District Court, or the Hawai'i Rules of Evidence that govern the trial proceedings pursuant to HCTR Rule 19; (b) the findings of fact and conclusions entered orally on the record were sufficient; and (c) Marzec fails to demonstrate any harm suffered from the absence of written findings of fact and conclusions of law.

(2) Marzec waived his challenge to Officer Michael McKinney's (Officer McKinney) testimony regarding the laser gun reading where Marzec failed to object to a lack of foundation at trial, and no basis for plain error review exits. State v. Wallace, 80 Hawai'i 382, 410, 910 P.2d 695, 723 (1996); State v. Naeole, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980).

(3) The district court did not err in permitting and considering Officer McKinney's testimony of habit and routine practice, particularly where Marzec did not object to such testimony. State v. Okuda, 71 Haw. 434, 449-50, 795 P.2d 1, 9-10 (1990); State v. Bloss, 3 Haw. App. 274, 277-79, 649 P.2d 1176, 1178-79 (1982).

(4) The district court did not abuse its discretion in excluding Marzec's photographs and video, where they did not "substantially depict the area as it existed" on the date of the

2

incident. <u>State v. Sequin</u>, 73 Haw. 331, 338, 832 P.2d 269, 273 (1992).

(5) Marzec fails to demonstrate bias of the district court. The district court is permitted wide discretion in "determining courtroom procedure" and to "avoid needless consumption of time." <u>See</u> <u>State v. Christian</u>, 88 Hawai'i 407, 422, 967 P.2d 239, 254 (1998) (internal quotation marks omitted) (recognizing the trial court's discretion in controlling the courtroom). As such, permitting the State to call cases in court does not reflect judicial bias. Similarly, the district court's denial of a continuance does not amount to judicial bias, where Marzec did not detail the reasons for the continuance, except generally stating that "a continuance would allow Marzec to present a meaningful case" and where the State objected, asserting that it had issued its subpoena. As to the district court drawing reasonable inferences from Marzec's being on his cell phone while driving, "[t]he trier of fact may draw all reasonable and legitimate inferences and deductions from the evidence adduced from admitted or known facts[.]" <u>Lono v. State</u>, 63 Haw. 470, 473, 629 P.2d 630, 633 (1981), citing <u>State v. Herrera</u>, 63 Haw. 405, 629 P.2d 626 (1981). The district court's solitary reference to Marzec's cell phone use being citable for inattention to driving, even if inaccurate, does not demonstrate judicial bias.

IT IS HEREBY ORDERED THAT the April 16, 2009 Judgment of the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, August 10, 2010.

On the briefs:

Thomas A. Marzec,
Defendant-Appellant, pro se.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge