**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000072**
**27-AUG-2021**
**07:53 AM**
**Dkt. 74 SO**

NOS. CAAP-18-0000072 AND CAAP-18-0000073

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DAVID J. SCROGGIN and GENYA G. SCROGGIN,
Plaintiffs-Appellants,
v.
ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD ALII
AND ITS BOARD OF DIRECTORS, Defendants-Appellees


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NOS. 1RC15-1-10101 and 1RC15-1-10102)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

In this consolidated appeal, self-represented Plaintiffs-Appellants David J. Scroggin and Genya G. Scroggin (the **Scroggins**) appeal from two Judgments in favor of Defendant-Appellee Association of Apartment Owners of Diamond Head Alii and Its Board of Directors (the **Association**) entered on January 8, 2018, by the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

On November 6, 2015, the Scroggins filed two nearly identical complaints in District Court, one for each of the two condominium units they own, units 101 and 107 (**District Court Actions**). The Scroggins alleged the Association violated its

---

[1] The Honorable Hilary B. Gangnes presided over the consolidated bench trial; the Honorable Richard J. Diehl entered the Judgments.

governing documents by improperly assessing fines, late fees, and attorneys' fees against the Scroggins, which the Scroggins paid to avoid foreclosure of both units.  The District Court consolidated the cases for trial evidentiary purposes only.  After the bench trial, the District Court ruled that the Scroggins failed to show they were entitled to any amount of damages.  On January 8, 2018, the District Court entered Judgment in each case in favor of the Association.  The Scroggins appealed both Judgments.  We thereafter ordered the two appeals to be consolidated.

We discern from their opening brief that the Scroggins raise the following points on appeal: (1) the District Court erred by not distinguishing the District Court Actions from a Circuit Court action commenced by the Scroggins on April 1, 2015 (**Circuit Court Action**)[2]; (2) the District Court erred in failing to weigh the testimony of the Scroggins's accountant expert witness; (3) the District Court erred in refusing to acknowledge "constructive eviction" and "cooking the books" by the Association; (4) the Scroggins dispute the Association's use of the phrases "common property" or "common area"; (5) the Association's accounting was not independently verified and failed to reflect omission of alleged improper fees and fines; (6) the District Court erred in claiming its decision was based on the credibility of witnesses when the testimony was false, misleading, and without foundation; (7) the District Court erred by discouraging counsel for the Scroggins from submitting findings of fact and conclusions of law; and (8) the District Court's erroneous decision was based on (a) finding defense witness, Association Vice President Natalie Wallsgrove (**Wallsgrove**), to be credible, (b) failing to find intentional or unwarranted fines against the Scroggins, (c) incorrectly finding that "if there was a charge that should have been reversed, it

_____

[2]  David J. Scroggin and Genya G. Scroggin v. Association of Apartment Owners of Diamond Head Alii, and It's [sic] Board of Directors, Civil No. 15-1-0595-04 VLC.

was reversed by the time this suit was filed," and (d) discouraging the filing of written findings of fact and conclusions of law.[3]

Upon careful review of the record, the arguments made by the parties, and the applicable legal authority, we resolve the Scroggins's points of error as follows, and we affirm.

During the trial in this case, the District Court heard testimony from the Scroggins, their expert, certified public accountant Felice Valmas (**Valmas**), and the Association's Vice President, Wallsgrove.  At the conclusion of trial, the District Court entered the following findings: the Scroggins were "not particularly credible witnesses," they admitted to violations of Association rules and nonpayment of fines, and evidence supported imposition of these fines; the Association's priority of payment policy was clearly set forth and communicated to the Scroggins and "every effort was made by the [Association's Board] to do an accounting," which did not disclose "any intentional, unwarranted fines against the Scroggins"; and "if there was a charge that should have been reversed, it was reversed by the time this suit was filed[.]"  Based on these findings, the District Court concluded that the Scroggins failed to show by a preponderance of the evidence that they were entitled to any damages, and the District Court entered Judgment for the Association.

We review a trial court's findings of fact under the clearly erroneous standard.  A finding of fact is

---

[3]  The Scroggins fail to comply with the HRAP in numerous ways, including: they failed to file a Civil Appeals Docketing Statement, violating HRAP Rule 3.1; their appellate briefs contain extensive factual assertions without citations to the record, violating HRAP Rule 28(b)(3); and they append exhibits to the opening brief, less than half of which are in the record on appeal, violating HRAP Rule 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief[.]").

Despite the Association's request that the Scroggins's appeals be dismissed based on these HRAP violations, and it is well settled that failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm a judgment, Morgan v. Plan. Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 180, 86 P.3d 982, 989 (2004) (citations omitted), we have consistently adhered to the policy of affording litigants the opportunity "to have their cases heard on the merits, where possible."  Id. at 180-81, 86 P.3d at 989-90 (citation omitted). Therefore, we will address the Scroggins's arguments to the extent we can discern them.

> clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed.  A finding of fact is also clearly erroneous when the record lacks substantial evidence to support the finding[.]

Schmidt v. HSC, Inc., 145 Hawaiʻi 351, 360, 452 P.3d 348, 357 (2019) (quoting Beneficial Hawaii, Inc. v. Kida, 96 Hawaiʻi 289, 305, 30 P.3d 895, 911 (2001) (internal quotation marks, brackets, and citations omitted)).

> We review a [trial] court's conclusions of law de novo under the right/wrong standard.  Where a conclusion of law presents a mixed question of law and fact, we review this conclusion under the clearly erroneous standard.  A mixed question of law and fact is a conclusion dependent upon the facts and circumstances of the particular case.

Uyeda v. Schermer, 144 Hawaiʻi 163, 170, 439 P.3d 115, 122 (2019), reconsideration denied, No. SCWC-16-0000200, 2019 WL 1500014 (Haw. Apr. 4, 2019) (quoting Narayan v. Ass'n of Apartment Owners of Kapalua Bay Condo., 140 Hawaiʻi 75, 83, 398 P.3d 664, 672 (2017) (internal citations and quotation marks omitted)).

**(1)** In their first point of error, the Scroggins contend the District Court failed to examine the complaint filed in the pending Circuit Court Action and did not clarify the differences between the Circuit Court Action and the instant litigation.  However, the Scroggins do not assert any particular harm or prejudice in this regard.

At the bench trial, counsel for the Association notified the District Court of the pending Circuit Court Action, in which the Scroggins sought "a declaratory judgement to expunge unlawful liens against their condos 101 & 107" and asserted claims for negligent and intentional infliction of emotional distress.  The Association designated the Scroggins's Circuit Court Action complaint as Exhibit S in its trial exhibits, which the Scroggins assert the District Court could have reviewed.  The Scroggins's trial counsel was unfamiliar with and did not represent the Scroggins in the Circuit Court Action.

4

Counsel for the Association advised the District Court that the Circuit Court Action appeared to be inactive.  Counsel for the Association also indicated that after the Circuit Court denied the Scroggins's injunctive relief from foreclosure of both units, the Scroggins requested the payoff amount and remitted full payment, thereby resolving the expungement of lien issue.

The Scroggins cite no authority and provide no argument as to why the Circuit Court Action involved issues that impacted this litigation or somehow precluded the District Court from proceeding.  The District Court did not err on this point.

**(2)** In their second point of error, the Scroggins contend the District Court failed to take into account the testimony of Valmas, who opined that a refund of charges should also include a corresponding refund of the associated fines, penalties, and legal fees.  The Scroggins thus assert the District Court rendered its decision without providing a mathematical basis.  However, Wallsgrove testified that when the Association refunded an improper charge, the corresponding late charges that had accrued were also refunded.

The Scroggins fail to show how the District Court clearly erred related to this point.  We conclude there is evidence in the record to support the District Court's findings and conclusion.

**(3)** In their third point of error, the Scroggins contend the District Court erred in refusing to acknowledge "constructive eviction" and "cooking the books" by the Association.  The constructive eviction claim is premised on water damage the Scroggins contend rendered unit 101 uninhabitable.  The Association purportedly withheld an insurance claim check from the Scroggins, who assert they needed the funds to repair the unit for water damage.  However, the claims before the District Court, as asserted in the Scroggins's District Court complaints, were as to undocumented charges and fees regarding units 101 and 107.  The assertion of error regarding constructive eviction is thus outside the scope of the claims in the District

5

Court Actions.  Accordingly, the Association objected to questions related to water leaks and water damage at trial:

> [DAVID SCROGGIN]: . . . We were trying at every turn to get a -- a plumber to come in there and examine the leak which was coming from the third floor, uh -- units.
>
> [COUNSEL FOR THE ASSOCIATION]: Your Honor, I -- you know, I don't know if there's going to be further questions, but <u>this appears to be all related to water leaks and water damages that apparently are outside the scope of the claims they're trying to get reimbursement.</u>
>
> THE COURT: Are they a part of the case?
>
> [COUNSEL FOR THE SCROGGINS]: I -- I -- I will move on. I was merely trying to illustrate some of the relationship problems he had to deal with.
>
> THE COURT: Well, I'm gonna sustain the objection.

(emphasis added).  The Scroggins did not assert the constructive eviction issue as being relevant to this case.  The issue is waived.

As for "cooking the books," the Scroggins claim the Association engaged in "back-charging" and that its counsel transferred false fines and charges to the incorrect condo.  This argument is based on circumstances that the Scroggins lived in unit 107 and their tenants in unit 101 had two dogs, which was a violation of Association rules.  The Owner History Report shows that the dog violations were charged to unit 107 instead of to unit 101.  Nonetheless, these charges were eventually reversed due to the Association's error.

The Scroggins's assertion that the District Court erred regarding this issue is without merit.

**(4)** In their fourth point of error, the Scroggins contend the language used by the Association to describe where the Scroggins conducted activities for which a majority of the fines were issued--"common property" or "common area"--should have been "exclusive use" or "exclusive use limited common property."  However, the Association sent written House Rules Violations Notices to the Scroggins specifying the "common area" improperly used.  These common areas include "the exterior of the

6

condominium buildings" and "under the steps."  Furthermore, at trial the Association's counsel clarified "common area":

> [COUNSEL FOR THE ASSOCIATION]: Do you recall being cited for violations, you and your spouse, for having personal items stored in the <u>common area</u>?
>
> [DAVID SCROGGIN]: Well, let's discuss that.  Because that area was -- when we bought Unit 101 was -- had a lock on it, and when we did the closing they said this cage that's underneath the stairs, by your front door, is your area to store your -- there -- there was things stored there when we bought it.  They gave us the key to it.
>
> [COUNSEL FOR THE ASSOCIATION]: And let's -- <u>let me try to rephrase</u>.  At various times you and your spouse have stored personal items <u>under the stairwell</u>, right?

(emphases added).  And the following transpired in reference to the violation and fine for electrical conduits, cord, and television cables running along the outside of the Scroggins's unit:

> [COUNSEL FOR THE ASSOCIATION]: So they were running through the <u>common area</u>, right?
>
> [DAVID SCROGGIN]: Uh -- I -- <u>I don't know what the technical definition of common area is</u>, but, um.
>
> [COUNSEL FOR THE ASSOCIATION]: It was running <u>outside of one of your units to the outside of another one of your units</u>, right?
>
> [DAVID SCROGGIN]: It may have been.

(emphases added).

The Scroggins provide no argument or authority as to why their confusion over the meaning of "common areas" constitutes error on the part of the District Court.  This point of error is without merit.

**(5)** In their fifth point of error, the Scroggins contend the Association's accounting was not "independently verified" and failed to reflect omission of the alleged improper fees and fines.  In support of this claim, the Scroggins attempt to relitigate the validity of the contested fines by raising new arguments in the opening brief and appending thereto exhibits not presented at trial.  The Scroggins also attempt to reargue what comprises a "common area."  The Scroggins do not offer any

authority, below or on appeal, to support the assertion that an independently verified accounting is required, when it is their burden to establish their claims.  Moreover, we need not address evidence or matters not properly brought before the trial court. See HRS § 641-2(b) (2016) ("Every appeal shall be taken on the record, and no new evidence shall be introduced in the supreme court.  The appellate court may correct any error appearing on the record, but need not consider a point that was not presented in the trial court in an appropriate manner.").

We conclude there is no error by the District Court related to this point.

**(6)** In their sixth point of error, the Scroggins contend the District Court erred by basing its decision on the testimony of defense witness, Wallsgrove, and that she had no special accounting knowledge.  "It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part." State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) (citing Lono v. State, 63 Haw. 470, 473, 629 P.2d 630, 633 (1981)).

Wallsgrove testified that as a board member of the Association she was personally involved in the thorough examination of all accounts and records pertaining to the Scroggins, and she testified as to the fees imposed and refunds to the Scroggins's accounts.  No party challenged or objected to Wallsgrove's qualifications to provide such testimony.

The Scroggins also attempt to challenge Wallsgrove's credibility based on her testimony that she owned only one dog while living at Diamond Head Alii.  The Scroggins append to their opening brief a photo of Wallsgrove walking two dogs.  The Scroggins did not present this photo at trial to rebut Wallsgrove's testimony and we do not consider it on appeal.  HRAP Rule 28(b)(10).  In any event, such a photo is not dispositive as to Wallsgrove's credibility.

We reject this point of error.

**(7)** In their seventh point of error, the Scroggins contend the District Court erred in discouraging the Scroggins's counsel from submitting findings of fact and conclusions of law (**FOF/COL**). The Scroggins misrepresent the record. Both parties' counsel requested the opportunity to submit proposed written FOF/COL, but the District Court stated that it did not want to encourage further imposition of legal fees since it had stated its findings and conclusions on the record:

> [COUNSEL FOR THE ASSOCIATION]: . . . I believe do the rules call for the findings to be submitted?
>
> THE COURT: They're not required. If someone wants to appeal and needs them. But, honestly, it sums up in plaintiffs failed to meet their burden of proof by the preponderance of the credible evidence on both liability and damages. So that's essentially my finding.
>
> [COUNSEL FOR THE ASSOCIATION]: Well, the preference then would be to --
>
> THE COURT: Well, it's up --
>
> [COUNSEL FOR THE ASSOCIATION]: -- not proceed with the --
>
> THE COURT: -- to the parties if you wanna submit proposed. But, honestly, I wouldn't encourage anymore legal fees than have already been incurred. You know.

The District Court did not request the Association to submit proposed FOF/COL. Rule 21(a) of the Rules of the District Courts of the State of Hawaiʻi provides, in relevant part:

> The party who prevails after the presentation of evidence shall <u>upon request</u> submit to the court proposed findings of fact and conclusions of law pursuant to Rule 52,[4] District Court Rules of Civil Procedure. . . . If after the conclusion of all testimony, the court does not indicate which party has prevailed in the action, the respective

---

4  DCRCP Rule 52(a) provides, in part:

> (a) *Effect.* In all actions tried upon the facts, the court <u>upon request</u> of any party shall find the facts specially and state separately its conclusions of law thereon. Judgment shall be entered pursuant to Rule 58. <u>Unless findings are requested, the court shall not be required to make findings of fact and conclusions of law.</u>

(emphases added).

9

> parties involved <u>may be requested to submit proposed</u>
> <u>findings of fact and conclusions of law.</u>

(emphases added).  Furthermore, the District Court stated that FOF/COL were not required unless "someone wants to appeal and needs them," in which case, the Scroggins as appellants were required to request entry of FOF/COL pursuant to HRAP Rule 10(f).[5]  The Scroggins did not do so and their assertion of error is without merit.

(8)  In their eighth point of error, the Scroggins assert four sub-points, two of which we addressed in points 6 and 7 *supra*.  One unaddressed sub-point of error they assert is that the District Court erred in failing to find that intentional or unwarranted fines were assessed against the Scroggins, contending the Association retaliated for the Scroggins commencing the Circuit Court Action to expunge the Association's liens on units 101 and 107.  However, the evidence shows that the Scroggins's accounts were delinquent for nearly two years before the liens were recorded.  Furthermore, Wallsgrove testified that when there was doubt as to the validity of a charge or fine, the Association credited the Scroggins's accounts; for instance: when a line item may have been mislabeled in the ledger; when the Scroggins cured a violation; accrued late charges were refunded along with credited amounts; and fines that were imposed in violation of the Association rules, such as fines against the Scroggins that were imposed every seven days when they should have been imposed every ten days, were fully credited.  The record supports the Association's imposition of fines for actual violations by the

---

[5]  HRAP Rule 10(f) provides in part:

> *Request for findings of fact and conclusions of law*.  In all actions where the court appealed from is not required to enter findings of fact and conclusions of law prior to the entry of an order, judgment, or decree, but is required to do so once a notice of appeal is filed, the <u>appellant shall, no later than 10 days after filing the</u> <u>notice of appeal, file in the court appealed from a request</u> <u>for entry of findings of fact and conclusions of law</u>, naming the judge who tried the action and entered the order, judgment, or decree being appealed.

(emphasis added).

Scroggins or their tenants that were not cured.  Thus, the District Court did not clearly err in not finding intentional or unwarranted fines assessed against the Scroggins.

The final sub-point of error asserted by the Scroggins is that the District Court's conclusion, "if there was a charge that should have been reversed, it was reversed by the time this suit was filed," was not based on facts.  The Scroggins assert the Association's counsel notified the Scroggins's counsel that they were entitled to reimbursements owed by the Association in a letter dated March 28, 2017, over one year after the District Court Actions were commenced on November 6, 2015.  However, the record shows that the Association credited or reimbursed the Scroggins for some items prior to their commencing the District Court Actions.  The record also reflects some items were reimbursed after the District Court Actions were filed, but before trial.  Thus, there is evidence to partially support the District Court's finding, and even though the District Court erred in part as to the timing of all reimbursements, it was harmless error.

In sum, the record establishes that the District Court did not err in finding the Scroggins failed to meet their burden to show wrongful charges by the Association or that they were entitled to any damages.

Therefore, IT IS HEREBY ORDERED that the Judgments entered on January 8, 2018, by the District Court of the First Circuit, Honolulu Division, are affirmed.

DATED:  Honolulu, Hawaiʻi, August 27, 2021.

On the briefs:

David J. Scroggin,
Genya G. Scroggin,
Plaintiffs-Appellants, self-represented.

John D. Zalewski
Michelle J. Chapman,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge